## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**THOMAS EUGENE MONROE, #381483-1202255,**

        **Petitioner,**

**v.**                         **CIVIL ACTION NO. 2:11CV77**

**HAROLD W. CLARKE,**
**Director of the Virginia Department of Corrections,**

        **Respondent.**


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


This matter was initiated by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

## I.    STATEMENT OF THE CASE

On November 19, 2007, a jury in the Circuit Court of Caroline County, Virginia, convicted Thomas Eugene Monroe ("petitioner" or "Monroe") of second degree murder, use of a firearm to commit murder, and assault and battery. (ECF No. 7-1). Monroe was sentenced to a total of twenty-seven years and six months' imprisonment. Id. He appealed his conviction to the Court of Appeals of Virginia, which affirmed the trial court in an unpublished decision dated March 17, 2009. (ECF No. 7-6 at 1). His ensuing Petition for Appeal was refused by the Supreme Court of Virginia on August 26, 2009. (ECF No. 7-8).

Monroe then filed a petition for writ of habeas corpus with the Supreme Court of Virginia on June 14, 2010. (ECF No. 7-9 at 1). In his state petition, Monroe made four allegations: (1) that the Circuit Court lacked subject matter jurisdiction; (2) that counsel rendered ineffective assistance by failing to object or appeal on the jurisdictional issue; (3) that counsel rendered ineffective assistance by failing to appeal Monroe's assault and battery conviction; and (4) that counsel rendered ineffective assistance by not objecting to second-degree murder jury instructions when the evidence did not support this charge. (See ECF No. 7-9). The Supreme Court of Virginia dismissed this petition by an unpublished written opinion on December 21, 2010. Id.

On February 7, 2011, Monroe, proceeding pro se, filed a timely habeas petition in this Court. (ECF No. 1 at 1). In addition to the four allegations he made to the Supreme Court of Virginia in his state habeas filings, Monroe also presents as constitutional claims two issues raised on his direct appeal to the Court of Appeals. He claims the Court of Appeals erred by finding no error in the trial court's refusal to grant Monroe jury instructions on voluntary manslaughter and accidental killing. (ECF No. 1-1 at 35-39).

On April 6, 2011, respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support. (ECF Nos. 5-7). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Monroe was given an opportunity to respond to respondent's Motion to Dismiss with any material he wished to offer in rebuttal. (ECF No. 8). Monroe filed a timely response on April 12, 2011. (ECF No. 9). Accordingly, respondent's motion to dismiss is ripe for judicial review.

## II.   ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the Court agrees, that for purposes of federal review, Monroe's claims have been exhausted.

Once a petitioner's state remedies have been exhausted a court may not grant relief on any claim adjudicated on the merits by the state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2); Schriro v. Landrigan, 550 U.S. 465, 473 (2007). A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. Factual determinations made by a state

court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Landrigan, 550 U.S. at 473-74.

## Claims 1 and 2 – Subject Matter Jurisdiction.

Monroe's first two claims for habeas relief allege that the Commonwealth produced insufficient evidence to establish that the crime occurred in Virginia, and thus, the trial court lacked subject matter jurisdiction over him. (See ECF No. 1-1 at 9-10). It is doubtful whether this jurisdictional claim, as a matter of state law, would be cognizable in federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). However, Monroe has alleged that the evidence against him was insufficient to establish jurisdiction, and as a result he was denied a fair trial. (ECF No. 1-1 at 13). He also alleges his counsel was ineffective for raising the jurisdictional claim. (Id. at 14-17). After reviewing the record, the undersigned finds that the Supreme Court's resolution of both issues was not unreasonable or contrary to clearly established federal law.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Analyzing Monroe's direct appeal, the Court of Appeals of Virginia summarized the evidence at trial as follows:

4

In the morning of November 17, 2006, the superintendent of the county school board fired the defendant over allegations that he sexually harassed the daughter of his supervisor in the maintenance department, David Ganoe. The defendant left the school board office, went home, drank some brandy, and around 2:00 p.m. drove to the maintenance shop. He entered the shop carrying a .38 caliber revolver, pushed past the secretary, Suzanne Edwards, walked to Ganoe's desk at the opposite end of the three bay garage, and shot him in the back.

Edwards saw the defendant enter the shop, walk "very, very fast" towards Ganoe, and heard Ganoe greet the defendant. She then saw the defendant pull a gun from his right side, point it at Ganoe, and fire. She saw Ganoe fall and heard him cry, "Tom, don't, please don't." Edwards grabbed the defendant's arm and told him to stop, but he replied, "Get off me," and shoved her down with sufficient force to break her wrist and her hip. While on the floor, Edwards heard another shot. Edwards testified that Ganoe had nothing in his hand when the defendant shot him. Ganoe died from a single gunshot wound to his back.

The defendant told police that he believed Ganoe had forced his daughter into making the sexual harassment allegations against him. The defendant stated that he entered the shop, confronted Ganoe, and said, "You are a dirty son of a bitch for what you did." The defendant saw Ganoe reach for an item on his desk. Feeling threatened, the defendant went outside, retrieved a gun from his truck, returned inside, and shot Ganoe. The defendant admitted he fired at least two shots and as many as four shots.

(ECF No. 7-6 at 1-2)..

As recited in Monroe's petition, several witnesses testified to the location of these events, identifying them as the Caroline County Public School Maintenance Shop, and specifying the street address and adjacent roadways, all of which were in Caroline County. (ECF No. 1-1 at 6-9).

In its order denying Monroe's habeas petition, the Supreme Court of Virginia, after reviewing the merits, held that Monroe's claim that the circuit court lacked subject matter jurisdiction over him due to the Commonwealth's failure to prove the crime occurred in Virginia was "without merit."

(ECF No. 7-9 at 1). The Court emphasized that "[t]he record, including the trial transcript, demonstrates that the Commonwealth's witnesses testified that the offenses occurred in Caroline County, Virginia." Id. The Supreme Court's finding is not based on an unreasonable determination of fact nor is it contrary to or based on an unreasonable application of clearly established federal law.

The Supreme Court also considered the petitioner's ineffective assistance of counsel claims related to counsel's alleged failure to raise the jurisdictional claim at trial and on appeal, ultimately concluding that neither had merit. (See ECF No. 7-9 at 2-4). Under Strickland, to establish ineffective assistance, Monroe would have to prove:

> First . . . that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial . . .

Strickland v. Washington, 466 U.S. 668, 687 (1984) (emphasis added).

The Supreme Court of Virginia held that Monroe's claim that he was denied the effective assistance of counsel when counsel did not object or appeal on the basis that the circuit court lacked jurisdiction was without merit because the record indicated the crime occurred in Virginia, and accordingly, the court had jurisdiction. Id. at 2. "Counsel, therefore, was not ineffective for failing to raise a futile objection." Id. For the same reason, Monroe's appellate counsel was not ineffective for failing to preserve the issue on appeal. Id., Jones v. Barnes, 463 U.S. 745, 751-52 (1983).

As recited above, Monroe offered no factual or legal basis to rebut the court's finding that the events underlying his conviction occurred in Caroline County, Virginia. Indeed, he repeatedly points out that several witnesses placed the location in Caroline County. (ECF No. 1-1 at 6-9). His claim

6

that no witness specified that Caroline County is in Virginia – particularly as he was tried by a jury in Caroline County – is insufficient to raise any constitutional issue regarding the state court's finding that he was convicted on sufficient evidence. This finding was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable factual determination.

**Claim 3 – Appeal of Assault and Battery.**

In ruling on his state habeas filing, the Supreme Court of Virginia held Monroe also failed to satisfy both the "performance" and the "prejudice" prong of the Strickland test as it related to his ineffective assistance of counsel claim regarding his attorney's failure to appeal his assault and battery conviction. (ECF No. 7-9 at 3). Monroe's sworn petition asserts that he advised his counsel that he wanted all three of his convictions appealed, and his counsel, against his wishes, did not appeal the assault and battery conviction. (ECF No. 1-1 at 18-19).

The United States Supreme Court has explained that the question of whether "counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent question: whether counsel in fact consulted with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478, 120 S.Ct. 1029 (2000). In this case, counsel obviously consulted with Monroe, as he properly perfected an appeal on several issues addressed elsewhere in this Report and Recommendation. Monroe argues, however, that his counsel was nonetheless ineffective because he failed to appeal the assault and battery conviction.

In the habeas proceedings before the Supreme Court of Virginia, Monroe's counsel submitted a sworn statement explaining that he discussed all of the issues on appeal with Monroe, and his family. (Respondent's Motion to Dismiss, Ex. 10, ECF No. 7-10, p. 23). In his sworn statement presented to the Supreme Court, counsel explained that he discussed with Monroe the strongest

issues for appeal, and that it was best to focus on those issues, rather than raise frivolous points, or points that have little or no chance of success. Id. He explained that the assault and battery conviction was clearly supported by the evidence, and in fact suggested that Monroe was fortunate to obtain a conviction on this lesser included offense, rather than the original charge of malicious wounding. Based on that discussion, counsel stated that Monroe and his family agreed the appeal should focus on the instruction issues which were presented to the Court of Appeals.

With this affidavit before it the Supreme Court denied Monroe's habeas claim on this issue, writing that the selection of issues to address on appeal is left to the discretion of appellate counsel. Jones v. Barnes, 463 U.S. 745, 751 (1983). While the Court did not mention counsel's affidavit in its opinion, it concluded in a summary fashion that Monroe failed to demonstrate counsel's performance was deficient, or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. This holding necessarily resolved any factual dispute regarding Monroe's instructions to counsel against Monroe, and he has not presented any basis to contest the reasonableness of this conclusion. See Cullen v. Pinholster, ___ U.S.___, 131 S.Ct. 1388, 1402-03 (2011) (faced with a summary decision "a habeas count must determine what arguments or theories could have supported the decision . . . [and] ask whether fair minded jurists would disagree that those arguments or theories are inconsistent with [Supreme Court precedent]."

The United States Supreme Court has recognized that "[n]either Anders nor any other decision of this Court suggests . . . that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Barnes, 463 U.S. at 751. Contrary to

Monroe's opinion that his counsel failed to comply with the requirements of Anders v. California, 386 U.S. 738 (1967), that case simply requires counsel to protect his client's interests to the best of his ability and request permission to withdraw only if he finds the case to be "wholly frivolous." Id. at 744. "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies Anders." Barnes, 463 U.S. at 754.

Accordingly, the Supreme Court of Virginia's holding that the "[p]etitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different" was neither unreasonable, nor contrary to clearly established federal law.

**Claim 4 – Second Degree Murder Instruction.**

The Supreme Court of Virginia also dismissed Monroe's state habeas claim that he was denied effective assistance of counsel when his attorney refrained from objecting to jury instructions concerning second-degree murder. Id. After considering the facts in the trial record, the Supreme Court determined that "[t]he evidence was sufficient to support a second-degree murder instruction because a reasonable finder of fact could have concluded that the killing was not willful, deliberate, or premeditated." Id. at 4. Specifically, the court recognized that despite Monroe's own claim that he acted with premeditation, making him "legal[ly] innocent" of second-degree murder, Id. at 3, he made a statement to police where he explained that he retrieved the gun from his truck only after he felt threatened once Ganoe took an item from his desk. When he returned, his statement explained that he "just lost it." Id. at 4. As a result, the court determined that a reasonable fact finder could have found that Monroe's act was not willful, deliberate or premeditated, and Monroe failed to prove

that his counsel's performance in failing to object to the instruction prejudiced Monroe's defense. Id. The Supreme Court's analysis of the claim is neither unreasonable nor based on any error in applying the clearly established federal law.

The court also dismissed Monroe's claim that the evidence did not support his conviction for second-degree murder because "this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus." (ECF No. 7-9 at 4) (citing Slayton v. Parrigan, 205 S.E. 2d 680, 682 (Va. 1974), cert. denied, 419 U.S. 1108 (1975)). This procedural dismissal was based on adequate and independent state grounds. Monroe has not alleged cause or prejudice which would excuse his procedural default. Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998).

**Claims 5 and 6 – Refused Instructions.**

Monroe's final two claims for habeas relief in this Court challenge the trial court's failure to grant jury instructions on voluntary manslaughter, and accidental killing. Though not considered by the Supreme Court of Virginia, these two claims were addressed by Virginia Court of Appeals on direct appeal and presented to the Supreme Court when it refused Monroe's petition for appeal. (ECF Nos. 7-6, 7-7). On direct appeal, the Court of Appeals noted the lack of evidence supporting Monroe's claim that Ganoe provoked him to violent behavior occurring in the "heat of passion." (ECF No. 7-6 at 2). Monroe had been fired from his job that morning, and rather than reacting immediately, he chose to return home and consume alcohol. Id. Monroe stated that it was not until later that afternoon, after Ganoe "threatened" him by retrieving an item from his desk that he returned to his truck for his gun. Id. The court reasoned that "[i[f] he did react in fear or rage initially, the time necessary to get the gun and return was sufficient time and opportunity for any

passion to cool." Id. The court also concluded that the secretary, Edwards, did not provoke Monroe

to act in the heat of passion when she grabbed his arm. Id. In his federal habeas claim, Monroe has

not argued that the Court of Appeals' decision was in error. In fact, his brief on these two subjects

consists entirely of attaching the relevant pages of his appellate submissions. In short, he has failed

to show the state court decision was unreasonable or contrary to clearly established federal law.

The Court of Appeals likewise held that the evidence did not suggest an accidental killing

that would warrant any jury instructions to that end. Id. Though Monroe claims the fact that Ganoe

was shot in his back indicates a ricocheted bullet accidentally fired from his weapon, the evidence

from an investigator present at the scene following the incident indicates that the velocity of a

ricocheted bullet would have been insufficient to carry it completely through Ganoe's body. Id.

Ganoe, however, died from a wound caused by a bullet that fully exited his body. Id. As such, the

Court of Appeals determined that "[t]here was no credible showing that the defendant shot Ganoe

accidentally." Id. In addition, the court recognized that both of these instructions were unnecessary

because their elements were already adequately encompassed in the instructions that were already

provided, and "[i]f the principles set forth in a proposed instruction are fully and fairly covered in

other instructions that have been granted, a trial court does not abuse its discretion in refusing to

grant a repetitious instruction." Id. at 2-3 quoting Joseph v. Commonwealth, 452 S.E. 2d 862, 870

(1995).

Monroe has identified no basis upon which the Court could conclude these decisions were

contrary to federal law or based on unreasonable factual findings. The deference required to state

court findings applies to legal conclusions and factual findings with equal force. Lenz v.

Washington, 444 F.3d 295, 296 (4th Cir. 2006).

Each of the petitioner's federal habeas claims have been addressed by either the Court of Appeals of Virginia or the Supreme Court of Virginia. In essence, then, Monroe asks this Court to re-weigh all of the evidence and review the credibility determinations made by the fact-finder, which is not the role of a federal court in reviewing a habeas petition. Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (federal habeas court has no license to re-determine credibility of witnesses whose demeanor has been observed by the state trial court). Instead, guided by the standard set forth in Jackson, the Court has thoroughly reviewed the record and finds that the resolution of those issues by the Court of Appeals and the Supreme Court of Virginia on the issues Monroe presented in his habeas petition to this Court, were not contrary to, or based on an unreasonable application of, federal law. Neither court relied on any unreasonable determination of fact. As such, this Court may not grant the petitioner relief, and the undersigned recommends his petition for habeas relief be DENIED.

## III.  RECOMMENDATION

For the reasons stated above, the undersigned recommends that Monroe's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and respondent's Motion to Dismiss be GRANTED.

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the

Federal Rules of Civil Procedure.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.      A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/<br>
Douglas E. Miller<br>
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

October 31, 2011

13

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Thomas Eugene Monroe, #381483-1202255
Deerfield Correctional Center
CD-7
21360 Deerfield Drive
Capron, VA  23829

Rosemary Bourne
Office of the Attorney General
900 E. Main Street
Richmond, VA  23219

Fernando Galindo,
Clerk of Court

By:  _____
Deputy Clerk

_____10/31_____, 2011

14